

# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JANETTE KAY RODECAP | Case Number: 1416-CV20578 |
|---|---|
| Plaintiff/Petitioner:<br>GLORIA D. ALEXANDER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address, or Plaintiff/Petitioner, if pro se:<br>ALAN J. STECKLEIN<br>748 ANN AVENUE<br>KANSAS CITY, KS 66101<br>(913) 371-0727 |
| Defendant/Respondent:<br>ALLIANCEONE RECEIVABLES MANAGEMENT INC | Date, Time, and Location of Court Appearance:<br>01-OCT-2014, 09:30 AM<br>DIVISION 29 7TH FLOOR<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>AC Misc Associate Civil-Other | |

(Date File Stamp)

## Associate Summons for Service by Registered or Certified Mail

The State of Missouri to: ALLIANCEONE RECEIVABLES MANAGEMENT INC
Alias:

3000 AMES CROSSING ROAD
SUITE 750
EAGAN, MN 55121-2529

**COURT SEAL OF**

**JACKSON COUNTY**

You are summoned to appear before this Court on the date, time, and location above, to answer the allegation in the petition filed by the above-named Plaintiff/Petitioner, a copy which of which is attached. If you fail to appear at the time and place stated in this summons, judgment by default will be taken against you for the relief demanded in the petition.

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

2-SEP-2014

_____  _____
Date Issued                                              Clerk

Further Information:

### Certificate of Mailing

I certify that on _____ (date), I mailed a copy of this summons and a copy of the petition to Defendant/Respondent ALLIANCEONE RECEIVABLES MANAGEMENT INC by registered or certified mail, requesting a return receipt by the addressee only, to the said Defendant/Respondent at the address furnished by Plaintiff/Petitioner.

_____  _____
Date                                                        Clerk

OSCA (4-99) SM91 (ASRM) For Court Use Only: Document ID# 14-ASRM-42      1 of 1      S.C. Form 4; Rule 54.12b; 506.150 RSMo

Case 4:14-cv-00880-SRB   Document 1-1   Filed 10/07/14   Page 1 of 8

EXHIBIT A

In the Associate Circuit Court of Jackson County, Missouri
At Kansas City

| Gloria D. Alexander | Case No.: _____ |
| :--- | :--- |
| Plaintiff, | Division: ___ |
| vs. | |
| AllianceOne Receivables Management Inc., | |
| Defendant. | |

### PETITION

### COUNT I
(Assessing interest for which Defendant is not entitled by contract or law - Violation of the Fair Debt Collections Practices Act – 15 U.S.C. §1692 et seq.)

Comes now Plaintiff Gloria D. Alexander and for Plaintiff's petition against Defendant AllianceOne Receivables Management Inc. hereby alleges as follows:

1. Plaintiff is a natural person residing in Missouri.

2. Defendant regularly conducts business in the state of Missouri.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(2) and is alleged to have owed a "debt" of a personal, family, or household nature, as defined by 15 U.S.C. §1692a(5).

4. Defendant is regularly engaged in the third-party collection of consumer debt and are "debt collectors" as defined by the Fair Debt Collection Practices Act (hereafter FDCPA), at U.S.C. §1692a(6).

5. Defendant is engaged in the business of purchasing and collecting

"charged-off" consumer accounts alleged to have been originally owed to others (hereinafter "originating creditor").

6. On July 22, 2014, Defendant has made a demand upon Plaintiff, alleging that it was collecting a debt for Capital One Bank N.A. . See Exhibit A.

7. The letter stated that "as of the date of this letter, you owe $1607.65. Your account balance may be periodically increased due to the addition of accrued interest or other charges so provided in your agreement with your original creditor".

8. Plaintiff's credit report shows that Capital One Bank N.A. had charged off the account and was no longer accruing interest as required by law.

9. Therefore, Defendant had assessed interest on the alleged debt after it was charged off by the original creditor, Capital One Bank N.A.

10. The Truth in Lending Act (TILA) regulates the type of account at issue in this case.

11. TILA requires a creditor to send periodic statements to the debtor each billing cycle if there is an outstanding balance on an account where finance charge is imposed. 15 U.S.C. § 1637(b).

12. That required periodic statement must contain certain required information which describes what and how the creditor is assessing interest and finance charges. 15 U.S.C. § 1637(b).

13. Consistent with 15 U.S.C. § 1637(b), Regulation Z also requires creditors to "mail or deliver a periodic statement as required by [12 C.F.R.] § 226.7 for each billing cycle at the end of which an account has a debit or credit balance of more than $1 or on which a finance charge has been imposed." *Id.* at § 226.5(b) (2)(i).

14. However, Regulation Z provides exceptions to this requirement that periodic statements be sent and enables creditors to *not* send those required periodic statements if the creditor does certain things.

15. One of those exceptions is if the creditor has charged-off the account in accordance with loan-loss provisions and <u>will not charge any additional fees or interest on the account</u>. *Id.* at <u>§ 226.5(b) (2)(i)</u>.

16. Therefore, under applicable regulations, Capital One Bank N.A. was required to send periodic statements to Plaintiff until it "charged-off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account" <u>12 C.F.R. § 226.5(b)(2)(I)</u>.

17. Previous to the alleged purchase of the account by the Defendant from Capital One Bank N.A., Capital One Bank N.A. charged-off an account alleged to have been incurred by Plaintiff.

18. Because Capital One Bank N.A. had charged-off the account, it was not required to send periodic statements to Plaintiff as would otherwise be required by law.

19. Therefore after charging-off the account, Capital One Bank N.A. did not send any billing statements regarding the account to the debtor.

20. Capital One Bank N.A. took advantage of the charge off exception to enable it not to be required by send periodic billing statements.

21. The legal tradeoff for entitling Capital One Bank N.A. to take advantage of the charge off exception is that it was precluded by law from charging any additional fees or interest on the account.

3

22. Therefore, after the account was written off, Capital One Bank N.A. was precluded by law from charging additional fees or interest on the account because it had not sent out the periodic statements.

23. Furthermore, Capital One Bank N.A. had therefore waived its right to charge interest on the charged off account. *Simkus v. Cavalry Portfolio Services, LLC*, 2012 WL 1866542 2012; *McDonald v. Asset Acceptance LLC*, Case No. 2:11-cv-13080, ED Michigan 2013.

24. At the time of the letter representing that the balance was increasing, Capital One Bank N.A. did not have the legal right to charge interest.

25. There is no legal basis for Defendant to charge interest on the charged-off account for which Capital One Bank N.A. failed to maintain periodic statements.

26. By assessing interest as due for which there was no legal basis, Plaintiff violated 15 U.SC. 1692f which prohibits a debt collector from the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

27. The Plaintiff was attempting to collect a consumer debt as defined by 15 USC §1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

28. The standard in determining whether the Plaintiff violated the FDCPA is the least sophisticated consumer standard. Claims should be viewed from the

4

perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression or abuse. *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 237 (2nd Cir. 1998); *Swanson v. Southern Oregon Credit Service*, 869 F.2d 1222, 1225-27 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172 -75 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).

29. The above-described acts are misleading to the least sophisticated consumer.

30. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

31. As a result of the above violations of the stated Act, the Defendant is liable to the Plaintiff for actual damages; statutory damages up to $1,000.00 pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for actual damages; statutory damages pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and for such other and further relief as may be just and proper.

Electronically Filed - Jackson - Kansas City - August 29, 2014 - 02:04 PM

Respectfully Submitted,
ATTORNEYS FOR PLAINTIFF

/s/ A.J. Stecklein

A.J. STECKLEIN #46663
MICHAEL RAPP # 66688
Consumer Legal Clinic, LLC
748 Ann Ave
Kansas City, KS 66101
Telephone: (913) 371-0727
Facsimile: (913) 371-0147
Email: aj@kcconsumerlawyer.com
mr@kcconsumerlayer.com

6

Electronically Filed - Jackson - Kansas City - August 29, 2014 - 02:04 PM


Receivables Management, Inc.

4850 Street Rd. Suite 300
Trevose PA 19053

⬆ Please send all correspondence to the above address

Telephone: 866-897-5389
July 22, 2014

Name: GLORIA D ALEXANDER
Account Number: 25212901   PIN: NA
Client Reference Number: 877980565
Client: CAPITAL ONE BANK (USA), N.A

**We can settle your past due account with our client, CAPITAL ONE BANK (USA), N.A, for 65% off the balance!**

We will accept $562.68 as a settlement.

Please follow the instructions outlined:

1. Make your money order or check payable as shown below.
2. Document payment as "Settled".

Upon receipt and clearance of your payment, we will notify our client that you have satisfied your account. If you have any questions or concerns, please call our office and a friendly agent will assist you.

Telephone: 866-897-5389

As long as you haven't made other arrangements to repay this debt, you are eligible for this offer. For accounting purposes, to accept this offer please send the settlement amount within 30 calendar days after the date of this letter. If you wish to make a different payment proposal, please call us to discuss it.

As of the date of this letter, you owe $1607.65. Your account balance may be periodically increased due to the addition of accrued interest or other charges if so provided in your agreement with your original creditor.

Please be advised that any settlement write-off of $600 or more in principal of a debt may be reported to the Internal Revenue Service by our client. For additional information contact your tax professional.

This communication is from a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose.


PLAINTIFF'S EXHIBIT A

✂ Detach Bottom Portion And Return With Payment ✂

PO BOX 510987
LIVONIA MI 48151-6987
RETURN SERVICE REQUESTED



⬆ Mail return address only; send no letters

To contact us regarding your account, call: 866-897-5389

AllianceOne
Receivables Management, Inc.

| Regarding | | |
|---|---|---|
| CAPITAL ONE BANK (USA), N.A | | |
| **Client Reference Number** | **Balance** | **Settlement Amount** |
| 877980565 | $1607.65 | $562.68 |

S-ONAMFC10 L-4035 A-25212901 O-CO9
P3PS2O00403321 -013605291 I03322

GLORIA D ALEXANDER
2745 BALES AVE
KANSAS CITY MO 64128-1208

⬇ Please make check or money order payable to:

ALLIANCEONE RECEIVABLES MANAGEMENT INC.
PO BOX 3111
SOUTHEASTERN PA 19398-3111

C09 000000087798Ɩ565 25212901 Ƅ 00000000 0000160765 0000000700 9

Case 4:14-cv-00880-SRB   Document 1-1   Filed 10/07/14   Page 8 of 8